UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RIFAT SHAFIQUE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-1253 (UNA) |
| | : | |
| EQUITY RESIDENTIAL MANAGEMENT LLC, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint and amended complaint. The Court will grant the application and, for the reasons discussed below, dismiss the complaint.

Plaintiff brings this action against her former landlord, Equity Residential Management, LLC. Generally, she contends that the writ of restitution issued by the Superior Court of the District of Columbia was invalid, execution of the writ on March 8, 2023, was unlawful, and as a result, plaintiff has been deprived unlawfully of all the contents of her apartment. *See generally* Am. Compl. (ECF No. 3) at 3-6, 11 (page numbers designated by CM/ECF). "Absent a valid writ," she asserts, "the only proper relief is complete dismissal *nunc pro tunc* of the proceedings in the local state court, (22 LTB 00462) and immediate removal of any hindrance causing Plaintiff to return to her home, along with the full return of all of her belongings, properties, and effects." *Id*. at 16. Among other relief, plaintiff demands "Nullification of State Court Proceedings," *id*., and an order "voiding nun[c] pro tunc . . . any and all writs, alias writs, [and] notices to vacate . . . asserted by Equity Residential," *id*. at 17 (emphasis removed).

Plaintiff directly challenges the rulings of the Superior Court, each unfavorable to her, and, essentially, asks this Court to reverse them. "As applicable here, federal district courts, such as this, lack jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court." *Dorsey v. District of Columbia Superior Ct.*, No. 1:17-cv-00521, 2017 WL 6311536, at *1 (D.D.C. Mar. 22, 2017), *aff'd sub nom. Dorsey v. Superior Ct. for District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam); *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). "Such is the province of the District of Columbia Court of Appeals." *Rossmann v. Sewell*, No. 1:20-cv-01425 (UNA), 2020 WL 3064445, at *1 (D.D.C. June 8, 2020), *aff'd*, 831 F. App'x 520 (D.C. Cir. 2020).

To the extent plaintiff treats this complaint as a "removal action," *see, e.g.*, Am. Compl. at 2-3, 5; Notice (ECF No. 4), the attempt fails. Based on cursory review of the Superior Court's public docket of the underlying matter before its Landlord and Tenant Branch, removal is untimely. "The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting the claim for relief upon which such action . . . is based," 28 U.S.C. § 1446(b)(1); *see* 28 U.S.C. § 1446(b)(2)(B), and according to the Superior Court docket, plaintiff was served in March 2022. And, importantly, there no longer is a case to remove, as the Superior Court closed the case on June 24, 2022, upon entry of judgment for possession in the landlord's favor. *See* Order, *Equity*

*Residential Management, LLC v. Shafique*, No. 2022 LTB 000462 (D.C. Super. Ct. May 7, 2024) (denying Shafique's post-judgment Motion for Injunctive Relief and Amended Motion for Immediate Injunctive Relief and ordering that the case remain closed).

Even if removal were timely, this Court still would not act. If the Superior Court proceedings were ongoing, this Court would decline to interfere with them. *See District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). And now that the Superior Court proceedings have concluded, this Court lacks jurisdiction to review or reverse rulings the Superior Court has made for the reasons discussed above.

The Court dismisses the complaint, as amended, and issues an Order separately.

DATE: July 24, 2024                                   TREVOR N. McFADDEN
                                                      United States District Judge

3